**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, | No. 25-3065 |
| Plaintiff-ctr-defendant - Appellee, | D.C. No. 2:20-cv-05581-DSF-GJS |
| v. | MEMORANDUM* |
| COMEDYMX, INC., COMEDYMX, LLC, | |
| Defendants, | |
| EDWARD HELDMAN III, | |
| Defendant-ctr-claimant - Appellant, | |
| v. | |
| AMAZON.COM, INC., MICHELLE JUSTICE, | |
| Third-pty-defendants. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 4, 2026[]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Defendant Edward Heldman III appeals interlocutory discovery orders compelling his former counsel to produce documents and overruling objections based on attorney-client privilege. We dismiss for lack of jurisdiction.

"Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989). In *Mohawk Industries, Inc. v. Carpenter*, the Supreme Court held that "disclosure orders adverse to the attorney-client privilege [do not] qualify for immediate appeal under the collateral order doctrine." 558 U.S. 100, 103 (2009); *see also In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Litig.*, 857 F.2d 1238, 1239-40 (9th Cir. 1988) (per curiam) (dismissing for lack of jurisdiction an appeal of a discovery order compelling the defendant's former counsel to produce documents over an assertion of attorney-client privilege).

Because we lack jurisdiction over this appeal, we do not consider Heldman's remaining arguments.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**DISMISSED.**[2]

---

[2] Heldman shall bear the costs associated with this appeal. *See* Fed. R. App. P. 39(a)(1).